IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DOUGLAS JACKSON,
    Plaintiff,

v.                                        Civil Action No. 1:10cv107

WEST VIRGINIA UNIVERSITY
HOSPITALS, INC., et als,
    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DE 72

### I.
### Background

Subsequent to receipt of Notices of Right to Sue from the U.S. Department of Justice and service of written notice of claims asserted pursuant to WV Code §55-17-3, Douglas Jackson [Jackson] filed his complaint against West Virginia University Hospitals, Inc., et als [WVU Defendants] [DE 1] alleging sexual discrimination while he was employed as a certified registered nurse anesthetist.

By Memorandum Opinion and Order dated April 19, 2011, the District Judge denied and/or granted whole or in part several pending motions, including the motion to dismiss the amended complaint, the motion to dismiss the complaint, and the motion for leave to conduct discovery [DE 75].

April 1, 2011 WVU Defendants filed the subject Motion To Compel [DE 72]. Jackson filed his Response on April 14, 2011 [DE 74]. WVU Defendants filed their Reply on April 21, 2011 [DE 76]. The matter [discovery dispute] was referred to the Magistrate Judge by order of the District Judge on April 4, 2011 [DE 73].

WVU Defendants contend that Jackson filed his Rule 26 disclosure on December 18, 2010

in which he identified 54 categories of documents that he had in his possession which he claimed supported his claims made in this civil action [DE 72, Exhibit A identifying Section B of the Rule 26 Disclosures]. Apparently, Jackson secured many if not all of these documents through FOIA requests, requests to the EEOC, and through internet searches made prior to the commencement of this civil action. WVU Defendants requested copies of the 54 categories of documents via a written discovery request filed January 27, 2011 [DE 72, Exhibit B].

Jackson filed his "Answer and Objection To First Request For Production Of Documents..." on or about May 2, 2011. In the Answer Jackson objected to the production of many of the documents requested on the basis that they were "already in the possession of defendant WVUH or are a matter of public record." [DE 72, Exhibit C].

Good faith attempts to resolve the discovery dispute without court involvement failed. [DE 72], Exhibit D].

Jackson contends he did not refuse to supply the requested documents but instead objected to the production of the same because WVU Defendants already had them or because they were matters of public record and therefore as easily accessed by WVU Defendants as by him. [DE 74]. Notwithstanding claim he did not refuse to supply the documents, the sum effect of his objections is that the documents encompassed in sections 1-24, 44 and 51 of the initial disclosures were not provided to Defendants in discovery.

## II.
### Discussion

F.R.Civ.P. 26(b)(1) provides in part: "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."

Jackson clearly made the 54 categories of documents relevant to his claims when he submitted his Rule 26 disclosure stating: "Plaintiff may use the following documents ... which are in his possession, custody or control to support his claims in this case. There are 54 categories of documents, ... included in these disclosures ...." Jackson then proceeds to provide a summary inventory of those 54 categories of documents.

Jackson objects to production of categories of documents 1-51 because he obtained them through FOIA requests, EEOC, and from the internet prior to litigation and the documents are therefore already in WVU Defendants' possession, those objections are not dispositive.

Pursuant to F.R.Civ.P. 26(b)(2)(C) the court has authority to limit the extent of discovery allowed under the rules if it determines that (i) "the discovery sought ... can be obtained from some other source that is more convenient, less burdensome, or less expensive ...."

Courts have generally held such an objection insufficient to resist a discovery request. In St. Paul Reinsurance Col, Ltd. v. Commercial Financial Corp., 198 F.R.D. 508, 514 (N.D. Iowa, 2000) the court held:

> The plaintiffs' fifth objection to CFC's request is based on the ground that it seeks information and documents equally available to the propounding parties from their own records or from records which are equally available to the propounding parties. However, with respect to this objection, courts have unambiguously stated that this exact objection is insufficient to resist a discovery request. See, e.g., City Consumer Services v. Horne, 100 F.R.D. 740, 747 (D.Utah 1983) (stating that it is "not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record.") (citing Petruska v. Johns-Manville, 83 F.R.D. 32, 35 (E.D.Pa.1979)); Associated Wholesale Grocers, Inc. v. U.S., 1989 WL 110300, *3 (D.Kan. June 7, 1989) (stating that defendant's argument of equal accessibility is not sufficient to resist discovery) (citing City Consumer Services). Nevertheless, plaintiffs assert this meritless ground as a basis for their objection.

In Petruska, Id., the court rejected Plaintiffs objection to discovery of Afco records on the grounds that they were equally accessible to Defendants through Afco's trustee in bankruptcy stating:

"It is 'not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record." [internal citations omitted]. The same conclusion was reached by courts in the following cases: U.S. v. 58.16 Acreas of Land, more or less in Clinton County, State of Ill., 66 F.R.D. 570, 573 (E.D. Ill., 1975); and National Academy of Recording Arts & Sciences, Inc. v. On Point Events, LP, 256 F.R.D. 678, 682 (C.D.Cal. 2009).

Defendants cite a host of cases generally supporting their assertion that obtaining information via FOIA is not a substitute for discovery in a civil case: John Doe Agency v. John Doe Corp., 493 U.S. 146, 153 (1989); NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 143, n. 10 (1975); Clay v. U.S. Dep't of Justice, 680 F.Supp.2d 239, 248 (D.D.C. 2010); Stonehill v. I.R.S., 558 F.3d 534, 538 (D.C. Cir. 2009; Kerr v. U.S. Dist. Court, 511 F.2d 192, 197 (9th Cir. 1975), *aff'd*, 426 U.S. 394 (1976); McQueen v. United States, 179 F.R.D. 522, 530-531 (S.D.Tex 1998); Maclay v. Jones, 542 S.E.2d 83, 88 (W.Va. 2000); and Douglas v. Superior Court, 597 A.2d 774, 776, n. 2 (Vt. 1991). While these cases are not directly on point, read as a whole, they clearly establish that obtaining information through FOIA is different than obtaining information through formal discovery in pending litigation.

This court finds that production through discovery requests insures: 1) both parties to the litigation will be working from the same documents at depositions or trial; 2) there is a certification by counsel that the document produced is the document on which he will rely whereas there is no such certification when the document is procured outside of discovery through FOIA or EEOC or an internet search; and 3) experts will be able to rely on a common set of documents in researching and formulating any opinion relevant to the litigation. In short, production through discovery as opposed to FOIA, EEOC or internet search promotes clarity in the litigation context. These protections do not exist with respect to documents not produced in discovery.

F.R.Civ.P. 26(c)(1) provides in part: "The court may, for good cause, issue an order

to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense ...." Jackson does not assert any of these triggering causes as a basis for his objection. Instead, he seems to say: *If I had to go to the trouble of getting this information from the internet, from EEOC and through a FOIA request, you Defendant can get it just as easily as or easier than I did using the same sources and therefor you don't have a right to have me hand it to you.*

However, "[t]he party resisting production bears the burden of establishing lack of relevancy or undue burden. *Oleson v. Kmart Corp.,* 175 F.R.D. 560, 565 (D.Kan.1997) ("The objecting party has the burden to substantiate its objections.") (citing *Peat, Marwick, Mitchell & Co. v. West,* 748 F.2d 540 (10th Cir.1984), *cert. dismissed,* 469 U.S. 1199, 105 S.Ct. 983, 83 L.Ed.2d 984 (1985)); *accord G-69 v. Degnan,* 130 F.R.D. 326, 331 (D.N.J.1990); *Flora v. Hamilton,* 81 F.R.D. 576, 578 (M.D.N.C.1978). The party must demonstrate to the court "that the requested documents either do not come within the broad scope of relevance defined pursuant to Fed.R.Civ.P. 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure...." *Burke v. New York City Police Department,* 115 F.R.D. 220, 224 (S.D.N.Y.1987). Further, the "mere statement by a party that the interrogatory [or request for production] was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." *512 *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir.1982) (quoting *Roesberg v. Johns-Manville Corp.,* 85 F.R.D. 292, 296-97 (E.D.Pa.1980)); *see also Oleson,* 175 F.R.D. 560, 565 ("The litany of overly burdensome, oppressive, and irrelevant does not alone constitute a successful objection to a discovery request.") (citation omitted). "On the contrary, the party resisting discovery 'must show specifically how ... each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive.'" *Id.* at 992 (quoting *Roesberg,* 85 F.R.D. at 296-97; *see also Oleson,* 175 F.R.D. 560, 565 ("The

objecting party must show specifically how each discovery request is burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."); *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir.1986) (holding that it is not sufficient to merely state a generalized objection, but, rather, objecting party must demonstrate that a particularized harm is likely to occur if the discovery be had by the party seeking it); *Degnan,* 130 F.R.D. at 331 (D.N.J.1990) (same)."

In the instant case, Jackson does not provide the court with any facts to show how requiring him to produce the documents he obtained through FOIA, EEOC and from the internet is burdensome. The volume of documents involved in the requested production is not disclosed. The time to scan, copy, and produce hard copies or email electronic copies of the responsive documents is not disclosed. In his objections and in his Response to the motion to compel, Jackson does not argue that production of the requested documents is oppressive or burdensome. With respect to the documents identified in categories 25-43 and 45-48, Jackson provided the same to WVU Defendants electronically March 24, 2011. The fact that he did so is some evidence of the lack of burdensomeness.

### III.
### Order

For the foregoing reasons, Defendants' Motion To Compel [DE 72] is **GRANTED.** Plaintiff Jackson shall produce copies of documents identified in the Rule 26 disclosures of categories 1-24, 44, and 51 to WVU Defendants within 20 days of the date of this order. In accord with F.R.Civ.P. 37(a)(5)(A), WVU Defendants shall submit and serve on Jackson's counsel of record their claim for "reasonable expenses," including attorneys' fees, necessitated by the conduct of the party and / or

party's attorney which necessitated the filing and prosecution of the subject motion to compel by May 31, 2011. Jackson shall have until June 10, 2011 to file any written objection he may have to the reasonableness of the claimed expenses. In the event Jackson timely objects, the court will conduct "an opportunity to be heard" hearing on the reasonableness of the fees and costs claimed on Monday, June 13, 2011 at 9:00 am at the Clarksburg point of holding court.

The clerk is directed to provide counsel of record with a copy of this order. The clerk is further directed to remove DE 72 from the docket of motions pending before the court.

It is so **ORDERED**.

Dated: May 11, 2011

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE